Filed 3/13/26  P. v. Avalos CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JORGE AVALOS,<br><br>     Defendant and Appellant. | B342870<br><br>(Los Angeles County<br>Super. Ct. No. VA160504) |

APPEAL from judgment of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Jorge Avalos challenges his upper-term sentence for making a criminal threat (Pen. Code, § 422, subd. (a)). (Further unspecified statutory references are to the Penal Code.) Even if trauma Avalos suffered contributed to his commission of that offense and gave rise to a presumptive low-term sentence (see § 1170, subd. (b)(6)(A)), the superior court was within its discretion, given unchallenged aggravating circumstances, to nonetheless impose the upper term. We therefore affirm.

## BACKGROUND

In 2021, Avalos, violating a protective order, threatened to kill his father, Armando, while holding a glass "decoration." This led to Armando obtaining, in 2022, a second protective order against his son.

In 2023, Avalos was at his father's home with his father's parents when Armando returned home from work. Armando perceived his son was under the influence of drugs and alcohol and, based on past experiences, believed his son posed a danger. Armando told his son to leave, but Avalos responded rudely with a raised voice. Avalos threatened to "hit" and "sock" his father. When Avalos, who was also speaking to someone on a cell phone, retreated to his father's storage shed, Armando, worried about his safety, locked Avalos inside. Avalos then explicitly threatened to kill his father, kill everyone in the house, and twice threatened to burn the house down. There was gasoline in the shed. Afraid for himself and his parents, Armando called 911. He told the dispatcher he had put away his knives because of "last time."

Police arrived at Armando's home, but when they approached the shed, Avalos exited through a window and escaped. Later, Avalos returned to his father's home and

2

approached the front door.  Armando asked his son to leave.
Instead, Avalos, carrying a metal tube from a floor jack, again
threatened to kill his father, causing his father, once more, to be
afraid.  Armando called 911 again.  The police returned quickly
and apprehended Avalos, which required subduing him on the
ground.

A jury convicted Avalos of making a criminal threat (§ 422,
subd. (a)) and contempt of court for violating a protective order
(§ 166, subd. (c)(1)).  Avalos admitted he had two prior
convictions that qualified as strikes under the "Three Strikes"
law.  And Avalos admitted two aggravating circumstances: (1)
that his prior convictions as an adult are numerous or of
increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); and
(2) that he served a prior term in prison or county jail under
section 1170, subdivision (h) (Cal. Rules of Court, rule
4.421(b)(3)).  At sentencing, the superior court dismissed one of
the two strikes under *People v. Superior Court* (*Romero*) (1996) 13
Cal.4th 497.  It then imposed a total term of seven years.  It
selected the upper, three-year term for the criminal threat
conviction, doubled to six years due to the remaining strike.  It
selected a consecutive one-year term for the contempt of court
conviction.

Regarding the term for the criminal threat conviction, the
superior court had indicated an initial inclination towards the
upper term.  Avalos then argued the court should instead impose
the middle term, citing the mitigating factor that he suffered
from a mental condition that reduced his culpability.  But Avalos
acceded that the court's indicated total sentence of seven years
would be understandable given Avalos's prior involvement with
the court system.  The People defended the upper term, noting

3

Avalos was not "slowing down" but was getting more dangerous and becoming more "fixated on his father." Thus, even though Avalos probably had mental health difficulties, he was not getting help and was instead an increasing danger to his family. This proceeding was only the latest in a string that impacted the family.

The superior court expressed concern about Avalos's mental health history following a traumatic brain injury he suffered from an accident as a young adult. Earlier court proceedings revealed Avalos, after that accident, had undergone a personality change. He "wanted to fight" with people, was "aggressive," and had "weird reactions." A neurophysiological exam revealed Avalos had bipolar disorder with hypomanic and psychotic features. The court, however, was also concerned about the countervailing factors favoring a lengthy sentence. The court balanced these concerns as follows:

"I'm choosing the high term based on the fact that there were multiple criminal protective orders in effect, based on the fact that there have been multiple violations of those protective orders, based on [Avalos's] prior history of domestic violence, and based on his criminal history. [¶] I have mitigated that [and] I'm going to exercise my discretion under *Romero* to strike one of his strike priors because of the head trauma he has suffered, because of the relationship that he has with the grandparents, with the father, and all of these intricacies. And I'm going to exercise my discretion in that respect."

Avalos timely appealed.

## DISCUSSION

Avalos argues that, given his traumatic brain injury, the superior court should have, in imposing sentence on the criminal

threat conviction, selected no more than the two-year, middle-term, and not the three-year upper term.

A felony criminal threat conviction calls for a term of imprisonment of either 16 months, two years, or three years. (§ 422, subd. (a); § 1170, subd. (h).)  When a criminal statute so "specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except . . . [¶] . . . when there are circumstances in aggravation of the crime that justify" it.  (§ 1170, subd. (b)(1)–(2).) "[T]he court shall order imposition of the lower term if any of" certain factors contributed to commission of the crime, including that the defendant "experienced psychological, physical, or childhood trauma."  (§ 1170, subd. (b)(6)(A).)  The court shall not impose the lower term, however, if it "finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)

Avalos notably does not challenge the superior court's finding of aggravating factors.  Nor does Avalos argue for a low-term sentence.  Rather, Avalos argues the court should have selected the middle term, not the upper term, given it found a mitigating factor under section 1170, subdivision (b)(6).  The People do not contest that Avalos, given his traumatic brain injury, falls under subdivision (b)(6); rather, they argue the court was well within its discretion in selecting the upper term.  Our review is for abuse of discretion. (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8 (*Salazar*).)

Section 1170, subdivision (b)(6), creates a low-term presumption.  But that presumption can be overcome, and the superior court may select a higher term. (*People v. Flores* (2022)

73 Cal.App.5th 1032, 1039 [the statute "does not require imposition of the lower term in every case in which the defendant" can show one of the subdivision's mitigating factors].) The subdivision does not foreclose imposition of the upper term. (§ 1170, subd. (b)(6); *People v. Mathis* (2025) 111 Cal.App.5th 359, 369–370, review granted on other grounds Aug. 13, 2025, S291628 [affirming an upper-term sentence despite presence of a mitigating factor under subdivision (b)(6)]; see *Salazar*, *supra*, 15 Cal.5th at p. 426 [subdivision (b)(6) "dramatically restrains that discretion to impose the middle *or upper term*," italics added]; *People v. Codinha* (2023) 92 Cal.App.5th 976, 995 ["the middle *or upper term* may not be imposed 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances,'" italics added]; *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 928 ["If this 'interests of justice' exception to the lower term applies (and if the prerequisites for imposing an *upper term* set forth in subd. (b)(1)–(3) have not been met), the court may impose the middle term," italics added].) This is because the low-term presumption of subdivision (b)(6) is an exception to a sentencing rubric in which not only the middle term, but also the upper term, can be justified. (§ 1170, subd. (b)(1)–(b)(2), (b)(6).) When the subdivision (b)(6) presumption does not apply, all three terms – lower, middle, and upper – are on the table. (§ 1170, subd. (b)(1)–(b)(2), (b)(7).)

Here, the superior court considered Avalos's circumstances, including the mitigating factor Avalos cites and the aggravating factors Avalos does not challenge. The court chose to dismiss a strike, resulting in a significantly reduced sentence. But it also chose to impose the upper term after holistically evaluating Avalos's conduct. All of this was, under the circumstances,

6

within the court's discretion.  (*People v. Mathis, supra,* 111 Cal.App.5th at p. 370 ["The trial court carefully considered [defendant's] arguments, addressed the relevant factors, and arrived at a conclusion that was neither arbitrary nor irrational"].)

## DISPOSITION

We affirm the judgment.


SCHERB, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.

7